IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV237-01-MU

| | |
|---|---|
| CHARLES JUSTIN OXENDINE, )<br> )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>MARION CORRECTIONAL INST., )<br> )<br>      Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed June 17, 2005.

In his Complaint Plaintiff alleges that on or about February 9, 2005, he was ordered to throw his lunch away and exit the dining room. Plaintiff admits he refused to follow this direct order from a prison guard. Plaintiff alleges that he was subsequently placed in segregation for ten days. Plaintiff contends that he has a constitutional right to eat and that he can talk in the dining room. Plaintiff contends that as a result of this incident he has suffered mental and physical anguish.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983.

As an initial matter, the North Carolina Department of Corrections is not a proper party under § 1983. See Will v. Michigan Dep't State Police, 491 U.S. 58, 71 (1989)(neither a state nor its officials acting in their official capacities are "persons" under § 1983). Consequently Plaintiff's

Complaint is dismissed on that basis.

Moreover, even if Plaintiff had sued a proper party, his Complaint would still be dismissed for failure to state a claim. That is, even if taken as true, Plaintiff's allegations do not rise to the level of a federal statutory or constitutional violation. Contrary to Plaintiff's assertion, the denial of one meal does not violate any constitutional right. Likewise, Plaintiff's placement in disciplinary segregation does not violate any constitutional right. See Sandin v. Connor, 515 U.S. 472, 486-87 (1995). Consequently, the Court will dismiss Plaintiff's Complaint.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted.

---

[1] The Court also notes that Plaintiff's Complaint could be dismissed for failure to sufficiently allege a physical injury. See 42 U.S.C. § 1997e(e)("no Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff's conclusory assertion that he suffered physical anguish is simply not supported by his own factual allegations.

**Signed: July 7, 2005**

*[signature]*

Graham C. Mullen
Chief United States District Judge